**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Thomas F. QUINN, et al., Defendants.**

**No. 83 Civ. 2794.**

United States District Court, S.D. New York.

Dec. 21, 1983.

Andrew E. Goldstein, Elizabeth A. Barnes, Robert Perez, Securities and Exchange Commission, New York Regional Office, New York City, for plaintiff.

Ben-Veniste & Shernoff, Washington, D.C., for defendant Thomas F. Quinn.

Gusrae, Kaplan, Lowy & Bruno, New York City, for defendant A. Frank Sidoti.

Irving P. Seidman, New York City, for defendants Amfco Securities, Inc. and Alan Scop.

Rabin & Silverman, New York City, for defendant Gary B. Wolff.

Roy L. Zisser, New York City, for defendant Sundance Gold Mining & Exploration, Inc.; Fishman, Gersh, Bursiek, PC., Denver, Colo., of counsel.

Henry Putzel, III, New York City, for defendants Murry Rothfleisch and Irving Orenstein.

Schwalb, Donnenfeld, Bray & Silvert, Washington, D.C., of counsel for defendant Irving Orenstein.

Joseph Garofalo, and Robert Redmer, pro se.

## OPINION

GRIESA, District Judge.

This is an action by the S.E.C. against nine defendants allegedly involved in the distribution and trading of stock of the tenth defendant, Sundance Gold Mining and Exploration, Inc. The complaint alleges that defendants violated sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a) and 77e(c), by offering and selling Sundance stock without having a registration statement in effect. The complaint also charges a number of fraudulent practices in violation of section 17(a) of the 1933 Act, 15 U.S.C. § 77q(a), and section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and S.E.C. Rule 10b–5. The complaint further alleges that defendants are still engaged in, or are about to become engaged in, unlawful activities, and requests an injunction.

The defendants have moved to dismiss the complaint for failure to state a valid cause of action for injunctive relief. The basic contention of the defense is that the illegal activity is alleged to have occurred in 1979 and 1980, and that there is no pleading of any circumstances warranting injunctive relief against future misconduct. Defendants' motions are denied.

No purpose would be served in describing the allegations of the complaint in detail. It is sufficient to say that the complaint alleges fraudulent issuance of stock contrived by a group of persons, most of whom had been engaged in securities fraud previously and had been disciplined by the S.E.C. The complaint further alleges manipulative trading of the stock following its issuance. If the allegations are true, it is abundently clear that defendants committed serious violations of the federal securities law.

The problem raised by the defense motions is that there is no specific allegation of misconduct in the complaint other than events occurring in 1979 and 1980. The complaint alleges that the stock was offered in early 1980 and was traded until a second trading suspension by the S.E.C. on August 20, 1980. Although there is a conclusory allegation about the possibility of illegal conduct in the future, nothing specific is alleged about any dealings in the stock at the present time or any plans for activity in the future.

Despite the latter circumstance, the S.E.C. appears to be correct in urging that the complaint should not be dismissed. The S.E.C. is entitled to the opportunity to make a showing of reasonable likelihood of future violations. *See S.E.C. v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90, 99–100 (2d Cir.1978).

The motions to dismiss are denied.

So ordered.